IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BRAD JOHNSON, et al.,<br><br>                    Defendants. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on several motions filed by Plaintiff, a state prisoner who appears pro se and has been granted leave to proceed in forma pauperis ("IFP").

### Request to Waive Service Fees (Filing 10)

    In Filing 10, Plaintiff requests that fees for service of process be waived. This request will be denied without prejudice because no waiver is required. By statute, when a court grants a plaintiff leave to proceed IFP, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). Such service is made by the United States Marshals Service without prepayment of fees from the plaintiff. *See id.*; Fed. R. Civ. P. 4(c)(3).

### Motion to Waive Initial Partial Filing Fee (Filing 11)

    In Filing 11, Plaintiff requests the court to waive the initial partial filing fee of $0.80 that was assessed on March 8, 2021. (See Filing 9.) Plaintiff states he is unable to make this payment because his inmate account has a negative balance, and asks that payment be deferred until he has $0.80 in his account.

    Although Plaintiff has not provided competent evidence to support this statement, the court *sua sponte* takes judicial notice that in another action filed by

Plaintiff, Case No. 4:21CV3058, a certification from Plaintiff's institution, dated March 12, 2021, confirms that the trust account had a negative balance as of that date. Plaintiff's motion therefore will be granted in part, as outlined below. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In Case No. 4:21CV3058, no initial partial filing fee was assessed because the certification showed Plaintiff had a negative account balance. In the present case, by contrast, the certification from Plaintiff's institution, which is dated March 1, 2021, did not provide a current balance,[1] but merely indicated the account had average monthly deposits of $4.00, based on a single deposit of $20.00 five months earlier.[2]

Based on this new information, the court will permit this case to proceed to initial review without payment of an initial partial filing fee. When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 n. 9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Plaintiff's institution will be directed to collect and forward to the court monthly installment payments in the manner set forth in 28 U.S.C. § 1915(b)(2), until the entire $350.00 filing fee is paid.[3]

---

[1] The court is not being critical of Plaintiff's institution. For the court's convenience, the institution was asked to calculate and provide the court only an average dollar amount for monthly deposits or monthly balances, whichever amount was greater. The court did not ask for a current balance or for copies of the actual trust account statements.

[2] Similarly, in another recent case filed by Plaintiff, Case No. 4:21CV3031, the trust account certification did not provide a current balance, but merely indicated he had an average balance of $0.08 over the past 4 months. Plaintiff was assessed (and paid) an initial partial filing fee of $0.01 based on that information.

[3] "[T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account

To the extent Plaintiff has requested a different method of payment, or other relief, his motion will be denied.

### Motion for 3-Judge Panel (Filing 12)

In Filing 12, Plaintiff requests that a 3-judge panel be convened for the purpose of waiving the initial partial filing fee. This request will be denied because Plaintiff is not entitled to have his motion heard by a 3-judge panel under 28 U.S.C. § 2284. That statute merely provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

### (Second) Motion to Waive Filing Fee (Filing 13)

In Filing 13, Plaintiff requests that the initial partial filing fee be waived "until the disposition of this matter." This request will be denied as being inconsistent with the court's ruling above on Filing 11.

### Motion for Copies (Filing 15)

And, finally,[4] in Filing 15, Plaintiff requests free file-stamped copies of his filings. This request will be denied. "An IFP litigant is not entitled to free copies of documents that he submitted to the Court." *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) … does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives

---

to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

[4] Plaintiff has also requested appointment of counsel in a motion filed along with his complaint on February 2, 2021. (Filing 4.) That motion will be considered when the court conducts its initial review of Plaintiff's complaint.

3

Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Heckler,* 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not…."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

IT IS THERFORE ORDERED:

1. Plaintiff's Request to Waive Service Fees (Filing 10) is denied without prejudice.

2. Plaintiff's Motion to Waive Initial Partial Filing Fee (Filing 11) is granted in part and denied in part, as follows:

    a. This matter will proceed to initial review without payment of an initial partial filing fee.

    b. Effective immediately, Plaintiff's institution shall collect monthly payments from Plaintiff's account in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the clerk of the court.

    c. In all other respects, Plaintiff's motion (Filing 11) is denied.

3. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. Plaintiff is advised that the next step in this case will be for the court to conduct an initial review of Plaintiff's claims to determine whether

summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. The court will conduct this initial review in its normal course of business.

5. Plaintiff's Motion for 3-Judge Panel (Filing 12) is denied.

6. Plaintiff's Motion to Waive Filing Fee (Filing 13) is denied.

7. Plaintiff's Motion for Copies (Filing 15) is denied.

Dated this 26th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge