IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>        Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON,<br><br>        Defendant. | 4:21CV3042<br><br><br>**MEMORANDUM<br>AND ORDER** |

      In a Memorandum and Order entered on May 19, 2021, the court found on initial review that Plaintiff's Complaint plausibly alleges that unknown correctional officers violated his rights to substantive and procedural due process under the Fourteenth Amendment, but in all other respects fails to state a claim upon which relief may be granted. The court ordered that the action would proceed to service of process against Defendant Brad Johnson, Director of Lancaster County Department of Corrections, in his official capacity only, and solely for the purpose of permitting Plaintiff to serve written interrogatories upon the Director in order to determine the identity of LCDC correctional officers who are alleged to have violated Plaintiff's constitutional rights. The court ordered that all other named Defendants, including Defendant Brad Johnson in his individual capacity and in his official capacity as a member of the Jail Standards Board, would no longer be parties to this action, and stated its intention that Defendant Brad Johnson, in his official capacity as Director of Lancaster County Department of Corrections, will also be dismissed from the action after answering Plaintiff's written interrogatories. (See Filing 17.)

      On June 1, 2021, Plaintiff filed a document in which he requests that the court not dismiss the Director or other defendants at this time. (Filing 19, p. 5.) The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-

final orders."[5] *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway,* 193 F.3d at 989); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's non-final order of May 19, 2021. He has not shown that the dismissal of any claim or any party was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff's motion for reconsideration will be denied.

In Filing 19, Plaintiff also poses several questions to the court. The court is unable to provide legal advice to Plaintiff, but again refers him to the Federal Rules of Civil Procedure and the local rules of this court.

On June 3, 2021, Plaintiff filed a motion to appeal the May 19th Memorandum and Order. (Filing 20.) Because this is a non-final order,[1] it cannot be appealed unless "the district judge … shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, no such "controlling question of law" is implicated, so Plaintiff's motion to appeal will be denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for reconsideration (Filing 19) is denied.

2. Plaintiff's motion to appeal (Filing 20) is denied.

Dated this 8th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] The court has not entered a judgment of dismissal as to any claim or party. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").