IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>      Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON,<br><br>      Defendant. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

      In a Memorandum and Order entered on May 19, 2021, the court found on initial review that Plaintiff's Complaint plausibly alleges that unknown correctional officers violated his rights to substantive and procedural due process under the Fourteenth Amendment, but in all other respects fails to state a claim upon which relief may be granted. The court ordered that the action would proceed to service of process against Defendant Brad Johnson, Director of Lancaster County Department of Corrections ("LCDC"), in his official capacity only, and solely for the purpose of permitting Plaintiff to serve written interrogatories upon the Director in order to determine the identity of LCDC correctional officers who are alleged to have violated Plaintiff's constitutional rights. The court ordered that all other named Defendants, including Defendant Brad Johnson in his individual capacity and in his official capacity as a member of the Jail Standards Board, would no longer be parties to this action, and stated its intention that Defendant Brad Johnson, in his official capacity as Director of LCDC, will also be dismissed from the action after answering Plaintiff's written interrogatories. (See Filing 17.)

      Counsel for Defendant Johnson entered an appearance on July 14, 2021 (Filing 35), which means that Plaintiff is now permitted to "serve one set of written interrogatories upon Defendant Johnson for the limited purpose of discovering the identity of the correctional officers who are alleged in the Complaint (Filing 1) to have violated Plaintiff's due process rights by restricting Plaintiff to his cell and denying him shower privileges for his refusals to permit his temperature to be taken."

Memorandum and Order entered May 19, 2021 (Filing 17, p. 19). Service may be accomplished by regular mail sent to the address provided in defense counsel's notice of appearance. *See* Fed. R. Civ. P. 5(b) & 33.

Now pending before the court are several motions filed by Plaintiff.

Filing 33 is a second request for reconsideration of the court's Memorandum and Order of May 19, 2021 (Filing 17). Plaintiff's first request for reconsideration (Filing 19) was denied by the court in a Memorandum and Order entered on June 8, 2021 (Filing 22), in which the court also denied Plaintiff's motion to appeal the non-final order. In Filing 33, Plaintiff also requests reconsideration of the court's denial of certification for an interlocutory appeal. For the reasons stated in the June 8th Memorandum and Order, both requests for reconsideration will be denied.

Plaintiff states in his brief in support of Filing 33 that he "has been informed by correctional officers that Brad Johnson, Director, was directly responsible for the directive that denied Plaintiff showers because he refused to have his temperature taken by (named staff in disciplinary reports) …." (Filing 34, p. 2.) Plaintiff did not allege any such direct involvement by Director Johnson in his Complaint, but merely claimed the Director was liable for the actions of subordinates.

The court's order on initial review of Plaintiff's Complaint authorized the filing of an amended complaint against "one or more correctional officers" (Filing 17, p. 20), but the memorandum opinion also indicated that claims could be made against "any superior officer who issued a directive that Plaintiff not be allowed to shower" (Filing 17, p. 15.) Thus, if Plaintiff can meet the certification requirements of Rule 11 of the Federal Rules of Civil Procedure,[1] he may include Brad Johnson

---

[1] "By presenting to the court a pleading, … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …." Fed. R. Civ. P. 11(b).

as a defendant in an amended complaint. Plaintiff is reminded, however, that the amended complaint will be reviewed by the court under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed in whole or in part.

In Filing 31, Plaintiff requests leave to serve requests for production of documents on Defendant, and in Filing 25, he requests leave to serve interrogatories on LCDC's Security Director. Both requests will be denied. The only discovery that will be permitted at this time is service of one set of interrogatories on Defendant Johnson for the limited purpose of discovering the identity of certain correctional officers who can be named as defendants in an amended complaint. So that there will be no misunderstanding, the court stresses that the interrogatories attached to Filing 25 are <u>not</u> directed to Defendant Johnson and are <u>not</u> deemed to be served upon him by reason of their filing.

In Filing 23, Plaintiff requests that written interrogatories directed to LCDC's Security Director be served by the United States Marshal, and that the Marshal's service fee be waived. This request will be denied as moot. To the extent this motion may also be construed as requesting that authorized discovery papers be served on Defendant Johnson by the Marshal, it is also denied. Plaintiff states he has no funds but has not demonstrated that he is unable to serve discovery papers from the Lancaster County jail as "legal mail" without prepayment of postage.

In Filing 27, Plaintiff requests that the court provide him with copies of the Security Director's answers to interrogatories. This request will also be denied as moot. Furthermore, the discovery the court has authorized should be accomplished without any court involvement. Director Johnson's answers to interrogatories can be mailed directly to Plaintiff. <u>No discovery papers are to be filed with the court until needed for trial, resolution of a motion, or on the court's order</u>. NECivR 5.4(a).

Finally, in Filing 29, Plaintiff renews his request for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v.*

*Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). First, this is not a complex case. Plaintiff claims that unknown correctional officers violated his constitutional rights by not allowing him to leave his cell to take a shower. Second, Plaintiff has demonstrated through extensive filings that he has the ability to investigate the facts and to present his claims, at least through the initial stage of the litigation. Third, this case is still at the pleading stage, so there is no conflicting testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, Plaintiff's renewed request for appointment of counsel will be denied without prejudice to reassertion.

In requesting appointment of counsel, Plaintiff expresses concern that he will not be able to ascertain the identity of the correctional officers in time to meet the August 17, 2021 deadline for filing an amended complaint. This is a valid concern since Defendant Johnson will not be required to respond to Plaintiff's interrogatories until 30 days after they are served upon him. *See* Fed. R. Civ. P. 33(b)(2). On its own motion, therefore, the court will extend the filing deadline by 30 days. If Plaintiff requires additional time, he may file a motion for another extension of time. *See* Fed. R. Civ. P. 6(b).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for reconsideration (Filing 33) is denied.

2. Plaintiff's motion to serve interrogatories (Filing 25) is denied.

3. Plaintiff's motion for production (Filing 31) is denied.

4. Plaintiff's motion to waive service fee (Filing 23) is denied.

5. Plaintiff's motion for answers to interrogatories (Filing 27) is denied.

6. Plaintiff's motion to appoint counsel (Filing 29) is denied.

7. On the court's own motion, Plaintiff shall have until September 16, 2021, to file an amended complaint in accordance with the court's Memorandum and Order of May 19, 2021. The Clerk of Court is directed to reset the pro se case management deadline accordingly.

Dated this 15th day of July 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge