IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>                      Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON,<br><br>                      Defendant. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

      In a motion received and docketed on July 23, 2021, Plaintiff has requested the return of interrogatories he filed with the court and a copy of the Federal Rules of Civil Procedure. (Filing 44.) The motion will be denied in all respects.

      "The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format." NECivR 5.1(e)(2). "A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope." NECivR 5.1(e)(3). "Fees to print a paper copy of an electronic filing and to obtain a certified copy of an electronically filed document are allowed by 28 U.S.C. § 1914." NECivR 79.1(b)(2). The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment of copying charges or postage. *See* 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

      The court has no copyright in the Federal Rules, and no authority to distribute copies at will. *Walker v. Shafer*, No. 5:16-CV-05121-JLV, 2019 WL 1369594, at *3 (D.S.D. Mar. 26, 2019); *see also Scales v. Noonan*, No. 19-CV-1382-PP, 2020 WL 5774994, at *7 (E.D. Wis. Sept. 28, 2020) ("The court cannot send a copy of the Federal Rules of Civil Procedure to every incarcerated plaintiff—the rule book is large, heavy and expensive.").

Plaintiff states he needs a copy of the Federal Rules in order to understand the court's statement in its Memorandum and Order of July 15, 2021, that Brad Johnson may be included as a defendant in an amended complaint "if Plaintiff can meet the certification requirements of Rule 11." (Filing 36 at 2.) The court quoted the rule in its Memorandum and Order. (*Id*.) It means that simply by signing a pleading, Plaintiff is certifying that the pleading is not being presented for an improper purpose and that there is, or likely will be, evidentiary support for the facts alleged. Sanctions may be imposed if this certification is untruthful.

IT IS ORDERED that Plaintiff's motion regarding return of interrogatories (Filing 44) is denied in all respects.

Dated this 27th day of July 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge