IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRAD JOHNSON, et al.,<br><br>　　　　　Defendants. | 4:21CV3042<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　This matter is before the court on Plaintiff's motion for reconsideration of the court's Memorandum and Order of December 17, 2021, which authorized certain claims to proceed to service of process against certain Defendants, but dismissed other claims and Defendants.

　　The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders."[5] *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway,* 193 F.3d at 989); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018).

　　Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

　　(1) mistake, inadvertence, surprise, or excusable neglect;

　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

　　(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

　　(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's non-final order of December 17, 2021. He has not shown that the dismissal of any claim or any party was the result of manifest error of law or fact, nor has he shown any "extraordinary circumstances" justifying relief. Thus, Plaintiff's motion for reconsideration will be denied.

IT IS ORDERED that Plaintiff's motion for reconsideration (Filing 78) is denied.

Dated this 6th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge