IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>          Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, et al.,<br><br>          Defendants. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's Filing 127, in which he resists Defendant's Notice of Intent to Take the Deposition of Yohan Webb (Filing 125). Liberally construing Filing 127 as a motion for a protective order filed pursuant to Federal Rule of Civil Procedure 26(c), it will be denied because such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). *See also* NECivR 7.1(j) ("To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.").[1] Filing 127 does not contain the required certification.

      IT IS THEREFORE ORDERED that Plaintiff's objection to notice to take deposition (Filing 127), treated a motion for a protective order, is denied.

      Dated this 28th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[1] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party" NECivR 7.1(j).