IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>           Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, et al.,<br><br>           Defendants. | 4:21CV3042<br><br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's "motion for an order compelling disclosure or discovery" (Filing 129). The motion will be denied for two reasons.

      First, Plaintiff has failed to demonstrate that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1), or that he has satisfied this court's "personal consultation" requirement, *see* NECivR 7.1(j). Plaintiff has only filed correspondence he allegedly sent to Defendants' attorney on April 14, 2022, requesting that Defendants Wilson, Helm, and Eaton answer certain numbered interrogatories, stating that interrogatories (but perhaps meaning "answers to interrogatories") had not been received from Defendants Houchin and Johnson and requesting that they be sent, and, finally, with respect to each request, inquiring, "or do I need to get a 'court order to compel'?" A demand letter such as this is not sufficient under either procedural rule.

      Second, even if the discovery motion could be considered, Plaintiff does not "state the basis for the motion and the specific relief requested," NECivR 7.1(a), has not filed a supporting brief, *see* NECivR 7.1(a)(1)(A), and has not filed copies of discovery materials or an affidavit to provide evidentiary support for the motion, *see* NECivR 7.1(a)(2). Plaintiff may be requesting an order compelling discovery for a party's failure "to answer an interrogatory submitted under Rule 33," Fed. R Civ. P. 37(a)(3)(B)(iii), but Plaintiff has not explained why he is entitled to such relief or presented any proof showing that interrogatories were properly served but were not

answered in accordance with Rule 33. Consequently, Plaintiff's motion is a nullity. *See* NECivR 7.1 ("Unless this rule states otherwise, a party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion.").

IT IS THEREFORE ORDERED that Plaintiff's motion to compel discovery (Filing 129) is denied.

Dated this 31st day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge