IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>             Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, et al.<br><br>             Defendants. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's fifth motion to appoint counsel (Filing 152). As the court has previously explained, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

      "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

      This is not a complex case, either legally or factually. Plaintiff claims that correctional officers violated his constitutional rights by not allowing him to leave his cell to take a shower and that he was not given notice or an opportunity to be heard before he was restricted to his cell for refusing to have his temperature taken. Plaintiff indicates he requires counsel for the final pretrial conference, currently scheduled for October 4, 2022, but Plaintiff has demonstrated through extensive filings that he is able to investigate the facts, conduct research, and present claims on his own. Also, defense counsel is charged with the responsibility of drafting the

Order on Final Pretrial Conference and, after receiving Plaintiff's proposed additions or deletions, incorporating agreed-upon changes and noting any areas of continuing disagreement. See Filing 87, ¶ 5. The pretrial conference will not involve any testimony. Having considered the factors outlined above, Plaintiff's renewed request for appointment of counsel will be denied without prejudice to reassertion.

Plaintiff requests appointment of counsel as an accommodation under the Americans with Disabilities Act based on a diagnosis of anti-social personality disorder, but federal courts are not "public entities" subject to the public services provisions of Title II of the ADA. *See Clay v. Wall*, No. CV 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (citing cases); 42 U.S.C. § 12101, *et seq.* Additionally, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." *Id.* (quoting *In re Sheridan*, 362 F.3d 96 (1st Cir. 2004)). Moreover, even at the state level, "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Douris v. New Jersey*, 500 F. App'x 98, 101 (3d Cir. 2012).

IT IS THEREFORE ORDERED that Plaintiff's renewed motion to appoint counsel (Filing 152) is denied without prejudice.

Dated this 29th day of June 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge