IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>    Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, et al.<br><br>    Defendants. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter is before the court on Plaintiff's sixth motion to appoint counsel (Filing 171) and motion for extension of time (Filing 172).

  As the court has previously explained, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The court having once again considered these factors, Filing 171 will be denied.

  The status of this case has not changed appreciably since a last week, when Plaintiff's fifth motion for appointment of counsel was denied. The court's denial of Plaintiff's motions to compel discovery on June 27, 2022 (see Filing 164) is not a changed circumstance which justifies appointment of counsel.

  The only reason Plaintiff gives for requesting an unspecified extension of time to respond to Defendants' motion for summary judgment is that he needs to respond

to a motion to dismiss in Case No. 4:21CV3031 and a motion for summary judgment in Case No. 4:21CV3058. However, Plaintiff recently was granted extensions of time in those cases. See Filing 149 in Case No. 4:21CV3031 (extending response date to July 28, 2022) and Filing 199 in Case No. 4:21CV3058 (extending response date to August 4, 2022). The deadline for responding to Defendants' motion for summary judgment in the present case is July 15, 2022, so Plaintiff must give priority to this response. He is referred to Federal Rule of Civil Procedure 56 and this court's corresponding local rule, NECivR 56.1, for guidance.

"A district court has 'considerable discretion' to grant or deny a party's motion for an extension of time to file a summary judgment response. A court may grant a party's timely motion for an extension upon a showing of good cause…" *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.,* 926 F.3d 942, 950–51 (8th Cir. 2019) (internal citations omitted). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Id.* (cleaned up). Because Plaintiff has not shown he has been diligent in attempting to meet the July 15th deadline, and has not demonstrated good cause for extending that deadline, Filing 172 will be denied.

Accordingly,

IT IS ORDERED

1. Plaintiff's renewed motion to appoint counsel (Filing 171) is denied without prejudice.

2. Plaintiff's motion for extension of time (Filing 172) is denied.

Dated this 8th day of July 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge