IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>            Plaintiff,<br><br>vs.<br><br>BRAD JOHNSON, et al.,<br><br>            Defendants. | 4:21CV3042<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Plaintiff's "request [for] discovery under the summary judgment rule FRCP56(f)(2)" (Filing 184) and his seventh request for appointment of counsel (Filing 183). Both motions will be denied.

    Rule 56(f)(2) of the Federal Rules of Civil Procedure has been replaced by Rule 56(d)(2). The rule provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … allow time to obtain affidavits or declarations or to take discovery …." Fed. R. Civ. P. 56(d)(2). "A party seeking additional discovery under Federal Rule of Civil Procedure 56(d) has to show: '(1) that [she] [has] set forth in affidavit form the specific facts that [she] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.'" *Yassin v. Weyker*, __ F.4th __, No. 20-3299, 2022 WL 2719987, at *4 (8th Cir. July 14, 2022) (quoting *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014)). "It is not enough to present a list of facts sought to be discovered. The nonmovant must 'articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact.'" *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (quoting *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010)).

    Plaintiff states in his "Affidavit" (Filing 185) that shower logs will show he was retaliated against because he was allowed to shower in Pod-J between October 12-18, 2020, even though he refused to have his temperature taken, whereas he was

not allowed to shower in Pod-S3 between November 9-21, 2020. Plaintiff's action, however, does not include a retaliation claim. Plaintiff is limited to asserting (1) a conditions-of-confinement claim against Defendants Brad Johnson, Joseph Wilson, Tyson Helm, Quentin Houchin, and Joshua Eaton, in their individual capacities, for allegedly not allowing him out of his cell to shower on seven occasions between November 9-21, 2020, and (2) a procedural due process claim against Defendant Brad Johnson, in his individual capacity, for allegedly not giving Plaintiff notice or an opportunity to be heard before he was restricted to his cell for 39 days for refusing to have his temperature taken between October 12-18, 2020. See Memorandum and Order entered on December 17, 2021 (Filing 76). Plaintiff has made no showing that the sought-after facts are "essential" to resist to the summary judgment motion as to either of these claims.

Moreover, Plaintiff has been dilatory. The case progression schedule set a deadline of March 21, 2022, for service of discovery requests. (See Filing 87.) Plaintiff has not shown he was prevented from requesting production of the shower logs before that deadline passed. *See Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (nonmoving party must show that discovery has been inadequate).

Regarding Plaintiff's renewed motion for appointment of counsel, there has been no significant change in circumstances since July 8, 2022, when Plaintiff's last motion was denied. (See Filing 178.) The court notes, however, that in the interim Plaintiff has responded to Defendants' summary judgment motion.

IT IS THEREFORE ORDERED:

1. Plaintiff's renewed motion for appointment of counsel (Filing 183) is denied.

2. Plaintiff's motion for additional discovery (Filing 184) is denied.

Dated this 27th day of July 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge